# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.M.**

**No. 15-0909** (Mercer County 14-JA-136)


## MEMORANDUM DECISION


Petitioner Father B.F., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's August 20, 2015, order terminating his parental rights to J.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Natalie N. Hager, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and J.M.'s mother abused and neglected J.M. due to severe and continued substance abuse that resulted in failing to supervise their other child, B.M., who drowned in a pool. The allegations also involved two other parents, F.M. and R.L., and their children. The petition also contained allegations against S.C., the maternal grandmother to all of the children involved. All the parties and children lived at S.C.'s residence at the time of the petition's filing.

In November of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations as contained in the petition and was granted a post-adjudicatory improvement period. Petitioner was also ordered to attend counseling.

In August of 2015, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing though he was represented by counsel. At the hearing, evidence was presented that petitioner failed to participate in his family case plan, which was aimed at addressing his severe substance abuse problem with detoxification and long-term impatient care. A Child

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

Protective Services ("CPS") worker testified that petitioner was "in denial" of his substance abuse problem, and he continued to test positive for drugs. The worker also testified that petitioner's visits with J.M. were sporadic and inconsistent, even though he had the opportunity for unlimited visitation with J.M. At the close of the hearing, the circuit court found, by clear and convincing evidence, that petitioner habitually abused controlled substances and alcohol to the extent that his proper parenting skills were seriously impaired. The circuit court also found that petitioner did not respond to or follow through with the recommended and appropriate treatment that was targeted at improving his "capacity for parental functioning." The circuit court further found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. The circuit court terminated his parental rights by order dated August 20, 2015. Petitioner now appeals this dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review, we find no error in the circuit court's order terminating his parental rights.

To begin, the court finds no merit to petitioner's argument that the circuit court erred in terminating his parental rights because, according to petitioner, he should have been given additional time to make improvements due to the death of his other child and his substance abuse addiction. We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal. It is clear from the record on appeal that petitioner failed to comply with several of the terms of his post-adjudicatory improvement period. Despite petitioner's stipulation to severe and continued substance abuse, he was in denial of his substance abuse problem, continued to test positive for drugs, and failed to make any progress toward remedying his substance abuse issues. Further, petitioner's visits with J.M. were sporadic and inconsistent, even though he had the opportunity for unlimited visitation with J.M.

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when

"[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child."

Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner continued to abuse drugs while refusing to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse and neglect. The circuit court also found that the termination of petitioner's parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

Further, it should be noted that petitioner did not appear at the dispositional hearing nor request a post-dispositional improvement period at any time. Pursuant to §49-4-610(3),

"the court may grant an improvement period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) The respondent moves in writing for the improvement period, and when (B) the respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period."

We have previously held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). In the instant case, petitioner continued to test positive for drugs, and failed to participate in multiple services aimed at remediating and addressing the underlying abuse and neglect. Petitioner made no efforts to address the conditions that led to the findings of abuse and neglect. We have also previously held that

"[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *Id*. at 217, 640.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013). The evidence established that petitioner was in denial of his substance abuse problem, continued to test positive for drugs, and failed to make any progress toward remedying his substance abuse issues. Petitioner demonstrated no evidence that he would participate in another improvement period. As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 20, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II